Eric B. Fisher, Esq.
MORGENSTERN JACOBS & BLUE, LLC
885 Third Avenue, Suite 3040
New York, New York 10022
Telephone: (212) 750-6776
Direct Facsimile: (646) 349-2816
efisher@mjbllc.com

*Attorneys for Defendant HSG/ATN, Inc.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
In re :                                         :    Chapter 11
                                                :
                                                :    Case No. 02-13533 (AJG)
WORLDCOM, INC., et al.,                         :
                                                :
                                                :    (Jointly Administered)
                              Reorganized Debtors. :
                                                :
------------------------------------------------x

## Declaration of Eric B. Fisher Pursuant to Fed. R. Civ. Proc. 56(f)

ERIC B. FISHER, under penalty of perjury, deposes and says:

1.  I am counsel to claimant HSG/ATN, Inc. ("HSG") in this contested claim proceeding, and I am familiar with the facts set forth herein.

2.  On August 30, 2005, I served the debtors with a Request for Production of Documents (the "Document Request"). A copy of the Document Request is attached as Exhibit A to this Declaration. Through the Document Request, HSG sought to obtain information about, *inter alia*, all documents concerning the Debtors' purported rejection of their obligation to pay residual commissions to HSG under the Agreement and all documents concerning any commission amounts claimed by HSG that are contested by the Debtors.

3.  By notice dated October 26, 2005, I served notices for the depositions of those persons identified by WorldCom as individuals likely to have discoverable

information, pursuant to Fed. R. Civ. Proc. 26(a)(1)(A) (the "October Deposition Notice"), as identified in the "Reorganized Debtors Rule 26(a)(1) Disclosures For Claim Nos. 36482 and 38458 (Filed by HSG/ATN, Inc.) Pursuant to Scheduling Order", dated May 16, 2005 (the "Debtors' Rule 26 Disclosure"). A copy of the October Deposition Notice is attached as Exhibit B to this Declaration, and a copy of the Debtors' Rule 26 Disclosure is attached as Exhibit C to the Declaration.

4. By notice dated November 8, 2005, I noticed the deposition of Kirk Reynolds, the Debtors' employee who authored the November 14, 2002 letter to HSG (the "Reynolds Notice"). A copy of the Reynolds Notice is attached as Exhibit D to this Declaration.

5. On November 11, 2005, HSG responded to WorldCom's discovery requests, including Requests for Admission, Interrogatories, and Requests for Production of Documents. WorldCom has attached copies of HSG's responses to its Motion for Summary Judgment, at Exhibit C to the Tucci Declaration.

6. By letter dated November 14, 2005, I agreed to extend the Debtors' time to respond to the Document Requests for three weeks through December 21, 2005 (the "November 14, 2005 Letter"). A copy of the November 14, 2005 Letter is attached as Exhibit E to this Declaration. I also proposed, in order to assuage WorldCom's concerns about the supposedly sensitive nature of this three-year-old information contained in its document production, that the parties execute a mutually agreeable confidentiality order.

7. The same day, Douglas Y. Curran, counsel for WorldCom, wrote that he needed additional time to confer with his client about the proposed confidentiality order (the "November 14, 2005 Response"). A copy of the November 14, 2005 Response is attached as Exhibit F to this Declaration. Mr. Curran further wrote that he was endeavoring to identify witnesses who would be represented by his firm, as well as general witness availability.

8.     By letter dated December 15, 2005, counsel for WorldCom wrote to update me on the status of the Debtors' document production to HSG (the "December 15, 2005 Letter"). A copy of the December 15, 2005 Letter is attached as <u>Exhibit G</u> to this Declaration. Mr. Curran wrote that "MCI will serve its responses to HSG's document requests and the vast majority of responsive documents on December 21, 2005....Our client has located certain electronic files which may contain responsive material, and it is still in the process of restoring and reviewing those files. Responsive documents contained in those files, if any, will be provided to you as soon as they become available." Mr. Curran further advised me that a confidentiality order would not be necessary at this time, as the Debtors had chosen instead to redact confidential materials.

9.     On December 21, 2005, I received from counsel for the Debtors documents responsive to the document requests, consisting of approximately 1400 pages, many of which were redacted emails from Kirk Reynolds' email account. A sample from the production is attached as <u>Exhibit H</u> to this Declaration.

10.    By letter dated January 4, 2006, I wrote to Michael Tucci, Esq., counsel for WorldCom, to raise my concerns about the production (the "January 4, 2006 Letter"). A copy of the January 4, 2006 Letter is attached as <u>Exhibit I</u> to this Declaration. In particular, I raised with Mr. Tucci the deficiency of WorldCom's responses regarding its characterization of its alleged termination of its residual commission obligation. "At present, it is not even clear whether WorldCom claims to have terminated the residual commission obligation at some point before it formally 'rejected' that obligation by motion, or whether WorldCom believes that its purported rejection of that obligation was the moment at which it no longer owed residual commissions." *See* Exhibit I.

11.    In addition, I raised with Mr. Tucci my concerns about the deficiency in WorldCom's document production after such a long delay. I further raised that the documents produced are virtually unusable because of the redactions, a problem I had sought to avoid through the use of a confidentiality order.

12. By letter dated January 13, 2006 (the "January 13, 2006 Letter"), Mr. Tucci wrote that the Debtors were continuing to conduct a "time consuming and expensive search and review of documents responsive to HSG's document request," and he could not predict how long the process would take. A copy of the January 13, 2006 Letter is attached as Exhibit J to this Declaration.

13. By letter dated February 27, 2006, Mr. Tucci provided me with a further update concerning the document production (the "February 27, 2006 Letter"). A copy of the February 26, 2006 Letter is attached as Exhibit K to this Declaration. He advised that the Debtors had located six hundred back-up tapes potentially containing electronic files from Messrs. Lacho, Reynolds, Hampton, and Ahern, and that the cost of restoring the tapes was estimated at $300,000.00. Mr. Tucci then advised that, if HSG continued to "press on" with discovery, then the Debtors intended to seek a court order directing HSG to share the cost of restoring the back-up tapes.

14. To date, I have taken no depositions, even though I offered to proceed with depositions before WorldCom's document production is completed.

15. In short, in response to discovery served beginning in August, 2005, I have received virtually no meaningful responses. I have repeatedly extended the Debtors' time to produce documents in response to my requests, given counsel's assurances that the Debtors were reviewing voluminous amounts of potentially responsive documents. In order to avoid any redaction issues and to assuage the Debtors' concerns about the proprietary nature of their information, I have offered to enter into a confidentiality agreement, but that offer has been refused. As it currently stands, my client is being asked, under threat of court order, to share the Debtors' cost for recovering the Debtors' own information -- information which the Debtors determined to store in this inaccessible way, even though it should have been apparent that the documents would be necessary to litigate HSG's claim as early as 2003. My concerns are not

hypothetical or formalistic – the lack of meaningful discovery here goes to the heart of the issues raised in the Debtors' current Motion for Summary Judgment.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
April 3, 2006

                                    MORGENSTERN JACOBS & BLUE, LLC

                                    By: /s/ Eric B. Fisher
                                          Eric B. Fisher (EF-1209)
                                          885 Third Avenue, Suite 3040
                                          New York, New York 10022
                                          Telephone: (212) 750-6776
                                          Direct Facsimile: (646) 349-2816
                                          efisher@mjbllc.com