HEARING DATE AND TIME:  January 18, 2005 AT 10:00 A.M. EST
OBJECTION DEADLINE:  December 27, 2004 AT 4:00 P.M. EST

STINSON MORRISON HECKER LLP
Attorneys for Debtors and Debtors in Possession
1201 Walnut Street
Kansas City, MO  64106
Telephone:  (816) 842-8600
Facsimile:  (816) 691-3495
Mark A. Shaiken, Esq.
Douglas Y. Curran, Esq.
Angela G. Heppner, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------x
In re                                                   :
                                                        :   Chapter 11 Case No.
WORLDCOM, INC., et al.,                                 :   02-13533 (AJG)
                                                        :
                                                        :   (Jointly Administered)
                    Debtors.                            :
--------------------------------------------------------x

### DEBTORS' OBJECTION TO PROOF OF CLAIM 38458 FILED BY HSG/ATN, INC.

TO THE HONORABLE ARTHUR J. GONZALEZ,
UNITED STATES BANKRUPTCY JUDGE

    The above–captioned reorganized debtors (collectively the "Debtors"), hereby object to Claim No. 38458 (filed by HSG/ATN, Inc.), and represent:

### JURISDICTION

    1. The Court has jurisdiction to consider this claim objection and the relief requested herein pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND**

2. On July 21, 2002 (the "Commencement Date") and November 8, 2002, WorldCom, Inc. and certain of its direct and indirect domestic subsidiaries commenced cases under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). By Orders dated July 22, 2002 and November 12, 2002, the Debtors' chapter 11 cases were consolidated for procedural purposes only and are being jointly administered.

3. On October 31, 2003, the Court entered an order confirming the Debtors' Amended Chapter 11 Plan. The Plan became effective on April 20, 2004.

**SCHEDULES AND PROOFS OF CLAIM**

4. On November 21, 2002, the Debtors filed their Schedules of Liabilities (as amended and supplemented, the "Debtors' Schedules") and their Schedules of Executory Contracts and Unexpired Leases. On December 5, 2002, the Debtors filed their Statements of Financial Affairs.

5. On October 29, 2002, this Court entered its Order (a) Pursuant to Bankruptcy Rule 3003 (c)(3) Establishing the Deadline for Filing Certain Proofs of Claim and Approving the Form and Manner of Notice Thereof (the "Bar Date Order"). The Bar Date Order established January 23, 2003 as the bar date (the "Bar Date") for filing proofs of claim in these cases. The Bar Date Order provided for two methods for filing Proofs of Claim: (1) overnight delivering or hand delivering the original Proof of Claim to the United States Bankruptcy Court, WorldCom Claim Docketing Center, One Bowling Green, Room 534, New York, NY 10004-1408 or (2) mailing the original Proof of Claim to United States Bankruptcy Court, WorldCom Claims Docketing Center, P.O. Box 5089, Bowling Green Station, New York, NY 10274-5089. Pursuant to the terms of the Bar Date Order, on or about November 22, 2002, the Debtors mailed

notice of the bar date (the "Bar Date Notice") to in excess of 1.2 million creditors and potential claimant.

6. On March 25, 2003, the Court entered its Order Pursuant to 11 U.S.C. § 105 Approving Notice Procedures Regarding Claim Objections and Deemed Schedule Amendment Motions ("Claim Objection Procedure Order"), approving certain procedures regarding noticing of claims objections and omnibus motions for deemed schedule amendments.

7. The Debtors have engaged in the process of conducting a comprehensive review and reconciliation of all prepetition claims, including both the claims scheduled in the Debtors' Schedules and the claims asserted in the Proofs of Claim (the "Filed Claims"). This process includes identifying particular categories of Filed Claims that may be targeted for disallowance and expungement, reduction and allowance, or reclassification and allowance.

8. On January 23, 2003, HSG/ATN, Inc. ("Claimant") electronically filed a proof of claim ("January 23, 2003 Claim") directly onto the court docket as docket #2949. See Affidavit of Herb Baer at ¶ 5.

9. Claimant's January 23, 2003 Claim was not forwarded to Bankruptcy Services LLC ("BSI") by the Clerk's Office of the United States Bankruptcy Court—Southern District of New York (the "Clerk's Office") because it was not filed in accordance with the Bar Date Order. See Affidavit of Herb Baer at ¶ 6.

10. On November 21, 2003, Claimant filed a Proof of Claim ("November 21, 2003 Claim") that was given a claim number (Claim No. 36482) and date stamped.

11. On October 13, 2004, Debtors objected to Claimant's November 21, 2003 Claim (Claim No. 36482) in their 59th Omnibus Objection. See Docket Entry 12838.

12. After November 8, 2004, Claimant responded to the Debtors' 59th Omnibus Objection stating that the November 21, 2003 Claim was merely an amendment of the January 23, 2003 Claim. See Docket Entry 13451.

13. On November 15, 2004, Claimant's January 23, 2003 Claim was given a claim number (Claim No. 38458), date stamped received on January 23, 2003, and entered into the Claims Register. See Affidavit of Herb Baer at ¶ 8.

14. Because the Claimant failed to file the January 23, 2003 Claim in accordance with the Bar Date Order, the claim was not properly entered into BSI's system until November 15, 2004. Debtors did not receive a copy of the January 23, 2003 Claim or the supporting documentation until the Debtors received the Claimant's response to the Debtors' 59th Omnibus Objection after November 8, 2004. Therefore, Debtors' objection to the January 23, 2003 claim is timely according to the November 15, 2004 Final Order Extending Deadline to File Objections to Claims[1] because the January 23, 2003 Claim was not properly filed within the BSI system until November 15, 2004.

**OBJECTIONS TO CLAIM**

15. The Debtors have reviewed Claim No. 38458 and hereby object to it on the grounds that (1) the Claimant has not provided sufficient information to support the claim or to permit the Debtors to evaluate it and therefore the Debtor reserves the right to assert additional objections; (2) the Debtors disagree with the amount claimed; (3) the Debtors dispute the basis of the claim; (4) the claimed amount should be offset or reduced by the amount owed by the

---

[1] "ORDERED that, with respect to Claims that are filed after the Effective Date, the objection deadline is hereby extended to the latter of the following: (a) sixty (60) days after the date on which the Claim was filed; or (b) sixty (60) days after the Initial Claim Objection Deadline." See Final Order Extending Deadline to File Objections to Claims, ¶ 7 (p.4).

claimant to the Debtor (offset should be $435, 211.33); (5) the claim is a duplicate, in whole or in part, of another filed claim; (6) the Claimant failed to mitigate damages.

16. Accordingly, the Debtors object to proof of claim number 38458 and request that such proof of claim be disallowed and expunged in its entirety.

## NOTICE

17. Notice of this Objection has been provided by electronic case filing to counsel for the U.S. Trustee, the Committee, the Debtors' postpetition lenders, the United States Attorney for the Southern District of New York, the ad hoc MCI Noteholders Committee, AT&T Corporation, Puerto Rico Telephone Company, Inc., and the Mid-Size Carrier Group, and to the Claimant by regular mail. The Debtors submit that no other or further notice need be given.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: November 24, 2004
      Kansas City, Missouri

      /s/    *Angela G. Heppner*
      Angela G. Heppner, Esq.
      STINSON MORRISON HECKER LLP
      1201 Walnut, Suite 2800
      Kansas City, MO 64106-2150
      (816) 842-8600-Telephone
      (816) 691-3495- Facsimile
      Attorneys for Debtors

## CERTIFICATE OF SERVICE

I hereby certify that on November 24, 2004, the foregoing Objection to Claim was served on all parties receiving notice pursuant to the electronic court filing system, and on the following claimants, by first-class United States certified mail as follows:

5

HSG/ATN, Inc., c/o Engleman Berger P.C., 3636 N. Central Ave. Suite 1050, Phoenix, AZ 85012.

                                                                                  /s/ *Angela G. Heppner*
                                                                       Attorneys for Debtors

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Case No. 02-13533 (AJG) |
| | ) | |
| WORLDCOM, INC., et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |

## AFFIDAVIT OF HERB BAER

| | |
|---|---|
| STATE OF NEW YORK | ) |
| | ) ss.: |
| COUNTY OF NEW YORK | ) |

Herb Baer, being duly sworn, states as follows:

1) I am over eighteen years of age and believe in the obligation of an oath. I am a senior consultant at Bankruptcy Services LLC ("BSI"), the court appointed claims agent of the above captioned debtors and reorganized debtors (collectively, the "Debtors").

2) I am the individual responsible for compiling the database of all proofs of claim filed in the bankruptcy proceedings (the "Claims Register").

3) The "Order Pursuant to Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Certain Proofs of Claim and Approving the Form and Manner of Notice Thereof", dated October 29, 2002 (the "Bar Date Order"), amongst other items, established January 23, 2003 as the Bar Date for filing Proofs of Claims against the Debtors.

4) Additionally, the Bar Date Order provided for two methods for filing a Proof of Claim against the Debtors; specifically, by (i) overnight delivering or hand delivering the original Proof of Claim to United States Bankruptcy Court, WorldCom Claims Docketing Center, One Bowling Green, Room 534, New York, NY 10004-1408 or (ii) mailing the original Proof of Claim to United States Bankruptcy Court, WorldCom Claims Docketing Center, P.O. Box 5089, Bowling Green Station, New York, NY 10274-5089.

5) On January 23, 2003, HSG/ATN, Inc. electronically filed a Proof of Claim directly onto the court docket as docket #2949 (the "HSG Claim").

6) The HSG Claim was not forwarded to BSI by the Clerk's office of the United States Bankruptcy Count - Southern District of New York (the "Clerk's Office") due to the fact that it was not filed in the manner prescribed in the Bar Date Order, and as such, as of November 9, 2004, the HSG Claim was not assigned a claim number and was not entered into the Claims Register.

7) On November 10, 2004, the HSG claim was printed from the court docket and forwarded to the Clerk's Office to be date-stamped and assigned a claim number.

8)  The HSG Claim was numbered as claim number 38458 and date stamped as received on January 23, 2003, and entered into the Claims Register on November 15, 2004.

/s/ Herb Baer
Herb Baer

Sworn to and subscribed before me
this 17th day of November, 2004.

/s/ Tirzah Gordon
Notary Public

Tirzah Gordon
Notary Public, State of New York
No. 01GO7066304
Qualified on Queens County
Commission Expires June 24, 2006

2

DTMDOCS 1046269v1