UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

| | | |
|---|---|---|
| *In re* | : | |
| | : | 07 Civ. 3271 (RMB) |
| WORLDCOM, INC., *et al.*, | : | |
| | : | ECF Case |
| Reorganized Debtors. | : | |

-------------------------------------------------------x

| | | |
|---|---|---|
| | : | |
| HSG/ATN, INC., | : | Chapter 11 Case No. |
| | : | 02-13533 (AJG) |
| Appellant, | : | (Jointly Administered) |
| | : | |
| v. | : | |
| | : | Adv. Proc. No. 05-3143 (AJG) |
| MCI WORLDCOM | : | |
| COMMUNICATIONS, INC., and | : | |
| WORLDCOM, INC., | : | |
| | : | |
| Appellees. | : | |

-------------------------------------------------------x

**APPELLANT HSG/ATN, INC.'S REPLY BRIEF IN SUPPORT OF APPEAL**

MORGENSTERN JACOBS & BLUE, LLC
885 Third Avenue
New York, New York 10022

*Attorneys for Appellant*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES……………………………………………………….……..ii

ARGUMENT ...................................................................................................................... 1

   I.   The Bankruptcy Court Failed To Address Numerous, Disputed Material Facts…………1

   II.   WorldCom Is Judicially Estopped From Arguing That The
      November Letter Terminated Its Residual Commission Obligation. .................................. 5

   III.   The Bankruptcy Court Erred By Denying HSG's Request To Allow Discovery To
      Proceed Pursuant To Fed. R. Civ. P. 56(f)........................................................................ 6

CONCLUSION.................................................................................................................... 8

# **TABLE OF AUTHORITIES**

## **Cases**

*American Home Assurance Co. v. Zim Jamaica et al.*, 2006 U.S. Dist. LEXIS 8375 (S.D.N.Y. March 2, 2006) ....................................................................................................... 7

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986) .......... 2

*CFJ Assoc. of New York, Inc. v. Hanson Industries et al.*, 260 A.D.2d 917 (App. Div. 3d Dep't. 1999) ..................................................................................................................... 5

*Cherry v. Anthony, Gibbs, Sage*, 501 So.2d 416 (Miss. 1987) ....................................................... 4

*Chertkova v. Conn. Gen. Life Ins. Co.,* 931 F.3d 81 (2d Cir. 1996) ............................................... 3

*Comm. Union Ins. Co. v. Dairyland Ins. Co.,* 584. So.2d 405 (Miss. 1991) ................................. 5

*Commercial Cleaning Servs., L.L.C. v. Colin Serv. Sys., Inc.,* 271 F.3d 374 (2d Cir. 2001) ......... 6

*First Mississippi Bank of Commerce v. Latch*, 433 So. 2d 946 (Miss. 1983) ................................. 5

*Healthcare Assn of NY State, Inc. v. Pataki*, 471 F.3d 87 (2d Cir. 2006) ...................................... 2

*Hellstrom v. U.S. Dep't of Veteran Affairs,* 201 F.3d 94 (2d Cir. 2001) ....................................... 6

*In re Trace Int'l Holdings, Inc.*, 301 B.R. 801 (Bankr. S.D.N.Y. 2003) ........................................ 5

*Jeffrey v. Allcity Ins. Co.*, 26 A.D.3d 355 (2d Dept. 2006) ........................................................... 5

*Lamb Construction Co v. Town of Renova,* 573 So.2d 1378 (Miss. 1990) .................................... 4

*Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292 (2d Cir. 2003) ........................................... 6

*Mitchell v. Washingtonville Central School District*, 190 F.3d 1, 6 (2d Cir. 1999) ...................... 5

*Paddington Partners v. Bouchard et al.*, 34 F.3d 1132 (2d Cir. 1994) ......................................... 7

*Patterson* v. *County of Oneida, N.Y.*, 375 F.3d 206 (2d Cir. 2004)............................................... 2

*Wight v. BankAmerica Corp.*, 219 F.3d 79 (2d Cir. 2000) ............................................................ 5

## **Rules**

Fed. R. Civ. P. 56(f) ............................................................................................. 6

Fed. R. Civ. Proc. 26(a)(1)(A) .............................................................................. 7

## **Statutes**

11 U.S.C. § 365(g) ................................................................................................. 1

Appellant HSG respectfully submits this reply brief in further support of its appeal from the Order.[1]

## ARGUMENT

## I.     The Bankruptcy Court Failed To Address Numerous, Disputed Material Facts

The key issue on appeal is whether the Bankruptcy Court erred when it found that WorldCom had <u>terminated</u> the residual commission obligation to HSG pursuant to the November Letter.  As set forth in HSG's opening brief, there is strong evidence in the record indicating that, rather than terminating the residual commission obligation in November 2002, WorldCom elected to <u>reject</u> that obligation in a motion that it did not file until January 2003.  Under the rejection scenario, HSG would be entitled to a claim for millions of dollars in residual commissions from WorldCom, according to calculations performed by WorldCom's own expert witness. The legal treatment of a "rejected" contract is explained in the Statutory and Bankruptcy Law Background section of HSG's opening brief, and WorldCom does not contest the legal principles set forth there.  *See generally* HSG's Opening Brief at 10-11; 11 U.S.C. § 365(g).

In reaching its conclusion that the residual commission obligation had been terminated in November 2002, the Bankruptcy Court completely overlooked all of the material facts to the contrary.  For example:

- At a court hearing in this case, a WorldCom witness testified about the November Letter as follows:  "[R]ather than separate this agent," WorldCom decided to send a "***strong reminder*** letting them know that we're aware of the activities," in order to afford WorldCom "more time to evaluate and make a determination as to what [WorldCom] wanted to do."  (Fisher Declaration, Exh. D at 49).  ***This fact is neither acknowledged nor discussed in the Bankruptcy Court's decision.  A point that is not disputed in WorldCom's brief on appeal.***

- At that same hearing, WorldCom's then counsel acknowledged that the residual commission obligation had not been terminated:  "There was one motion, Your Honor, very quickly, last point.  In Mr. Ahern's cross examination of why the

---

[1]     Terms not otherwise defined herein shall have the meaning set forth in HSG's opening brief.

letters didn't reference the solicitations, and why did they continue to pay after those solicitations were made or occurred and, ***Your Honor, it was a business judgment whether they acted correctly in <u>not</u> terminating the contract or taking some other avenue***, which is not an issue.  But what is at issue is whether HSG has provided any benefit to the estate and we wish to submit that HSG has not done so."  (*Id.* at 121).  ***This fact is neither acknowledged nor discussed in the Bankruptcy Court's decision.  A point that is not disputed in WorldCom's brief on appeal.***

- Consistent with HSG's contention that the residual commission obligation had been rejected and not terminated, WorldCom emailed HSG on December 17, 2002, expressly informing HSG that WorldCom had decided to reject the contract:  "WorldCom has made a determination to ***reject your residual commission obligations*** as part of its management of the bankruptcy process.  We regret the impact on your company, but can assure you that ***you have the right to file a claim against the company as part of the bankruptcy claims process.***"  (*Id.*, Exh. E at DH0000102).  ***This fact is neither acknowledged nor discussed in the Bankruptcy Court's decision.  A point that is not disputed in WorldCom's brief on appeal.***

- On January 3, 2003, WorldCom filed a formal motion with the Bankruptcy Court, seeking to <u>reject</u> the residual commission obligation.  (*Id.*, Exh. F at 1, 2 and 40).  Clearly, no such motion would have been necessary if WorldCom had earlier terminated the residual commission obligation.  ***As WorldCom points out, this fact is mentioned in the Bankruptcy Court's decision in a footnote in the factual background section.***  *See* WorldCom Brief at 10 (citing Fisher Declaration, Exh. A at *7 n.5).  ***However, the Bankruptcy Court's decision does not consider the legal significance of this fact anywhere in its decision.***

All of the above key facts were presented to the Bankruptcy Court by HSG in its opposition to WorldCom's summary judgment motion.  *See, e.g.,* Fisher Declaration, Exh. M at 32-37.  WorldCom does not dispute that these matters were raised below.

The Bankruptcy Court was obligated to consider each of these facts in the light most favorable to HSG.  *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986); *Patterson* v. *County of Oneida, N.Y.*, 375 F.3d 206, 219 (2d Cir. 2004).  Its failure to consider them at all requires reversal of the Bankruptcy Court's decision.  *See generally Healthcare Assn of NY State, Inc. v. Pataki*, 471 F.3d 87 (2d Cir. 2006) (reversing grant of summary judgment because of disputed issues of fact regarding the enforcement of

section 211-a of the New York Labor Law); *Chertkova v. Conn. Gen. Life Ins. Co.,* 931 F.3d 81 (2d Cir. 1996) (reversing grant of summary judgment because record revealed disputed facts as to the circumstances surrounding plaintiff's termination from employment).

In its brief on appeal, WorldCom contends that the Bankruptcy Court's failure to analyze any of the above facts is inconsequential because WorldCom's November Letter provided the notice of termination "unambiguously" required by Section 8.3 of the Agreement. *See* WorldCom Brief at 10-11. This argument in favor of affirmance cannot withstand scrutiny.

First, the language of the November Letter cannot fairly be construed as unambiguous notice of termination. The November Letter itself provides that WorldCom was "considering what steps to take to protect MCI WorldCom's rights, including, but not limited to, ceasing payment to ATN of any commissions not yet earned under the Agreement pursuant to Section 8.3 of the Agreement." (Fisher Declaration, Exh. I.) The November Letter did not state that WorldCom had elected to terminate the residual commission obligation. If WorldCom had, in fact, terminated the residual commission obligation, there would have been no contractual basis upon which to continue to insist that HSG comply with the non-solicitation requirement. Rather, relying on the surviving provisions of the Representation Agreement, WorldCom demanded that HSG cease any acts of customer solicitation. Thus, the November Letter was a cease-and-desist letter premised upon the continuing vitality of the mutual obligations contained in the surviving portions of the Representation Agreement.

Second, as set forth in the factual bullet points above, WorldCom's dealings with HSG and its conduct throughout the bankruptcy proceedings are inconsistent with HSG's position that the residual commission obligation was rejected in January 2003. The text of the November Letter and WorldCom's conduct thereafter do not support the Bankruptcy Court's finding that

3

the November Letter was unambiguous notice sufficient to terminate the residual commission obligation to HSG.  Both parties appear to have been under the distinct impression that the termination notice provision contained in the Representation Agreement required notice of WorldCom's intent to terminate residual commissions – not merely notice of an alleged breach of the non-solicitation provision.  In other words, the conduct of the parties in this case suggests that their reading of the Representation Agreement's notice requirement was at odds with the reading adopted by the Bankruptcy Court.  At a minimum, then, this provision is ambiguous.

Finally, the notice of termination instructions contained in Section 8.3 of the Agreement are ambiguous on their face.  According to Section 8.3, in the event that HSG contacts a customer in violation of Section 8.1 of the Agreement, "WorldCom will give Representative five (5) days prior written notice, at the end of which period WorldCom's obligation to pay Representative any commissions not yet earned under this Agreement will cease."  (Fisher Declaration, Exh. G at D000151.)  Notice of what exactly is required?  Merely notice that HSG has contacted a customer in violation of the Agreement or notice that WorldCom will cease payment of residual commissions to HSG?  The language of the Agreement does not resolve this ambiguity.[2]  The November Letter and WorldCom's conduct following the sending of the November Letter are all consistent with the latter view of notice.  At the very least, the Bankruptcy Court should have recognized this ambiguity and permitted the parties to proceed to the deposition phase of discovery.  Summary judgment was not appropriate on this record.  *See, e.g., CFJ Assoc. of New York, Inc. v. Hanson Industries et al.*, 260 A.D.2d 917, 918-9 ( 3d Dept.

---

[2]       The cases cited by WorldCom are not on point.  In *Lamb Construction Co v. Town of Renova*, 573 So.2d 1378 (Miss. 1990), a contractor improperly multiplied the unit price for water pipe, which made his bid artificially low on the contract.  The Court enforced the contract as written, since the contractor himself had entered the wrong price and there was no ambiguity about that number.  And, unlike the instant action, *Cherry v. Anthony, Gibbs, Sage*, 501 So.2d 416 (Miss. 1987), addresses an unambiguous contract provision, the plain meaning of which was reinforced by the language of the insurance contract as a whole.  Further, unlike this case, the reading of the contract adopted by the court in *Cherry* was not contradicted by the conduct of the parties.

1999) (summary judgment inappropriate where validity of contract termination still in issue); s*ee also First Mississippi Bank of Commerce v. Latch*, 433 So.2d 946, 950 (Miss. 1983) (reasonableness of notice to terminate contract presented issue for jury); *Comm. Union Ins. Co. v. Dairyland Ins. Co.,* 584. So.2d 405, 408 (Miss. 1991) (finding notice provision ambiguous as it neglected to state that failure to give notice will render obligations under the contract void); *Jeffrey v. Allcity Ins. Co.*, 26 A.D.3d 355, 356 (2d Dept. 2006) (finding notice provision ambiguous because it used only pronouns to describe who should be notified without clearly identifying any specific party).[3]

## II.    WorldCom Is Judicially Estopped From Arguing That The November Letter Terminated Its Residual Commission Obligation.

WorldCom should have been estopped from arguing that the November Letter terminated its residual commission obligation for the reasons already set forth in HSG's opening brief at pages 16 to 17.  *See, e.g., Wight v. BankAmerica Corp.*, 219 F.3d 79, 89–90 (2d Cir. 2000)(judicial estoppel prevents assertion of factual position contrary to that taken in prior proceeding; *Mitchell v. Washingtonville Central School District*, 190 F.3d 1, 6 (2d Cir. 1999) (same); *In re Trace Int'l Holdings, Inc.*, 301 B.R. 801, 806 (Bankr. S.D.N.Y. 2003).

WorldCom defends the Bankruptcy Court's decision on appeal, arguing that there never was any "true inconsistency" in the positions that it advanced below.  This is incorrect.  It is undisputed that, on January 3, 2003 – approximately six weeks <u>after</u> it had supposedly terminated its residual commission obligation – WorldCom filed a motion with the Bankruptcy Court to reject its residual commission obligation to HSG.  Clearly, if the November Letter had

---

[3]    WorldCom asserts that HSG failed to cure its breach of the non-solicitation provision within five days of the November Letter.  The question of whether or not HSG cured this violation is irrelevant to the matter at issue, which is whether WorldCom elected to terminate payment of residual commissions in response to that violation.  As set forth above and throughout HSG's opening brief, HSG's opening brief, WorldCom elected not to terminate the residual commission obligation, even though it was obviously well aware of this single instance of solicitation.  In any event, with regard to HSG's solicitation of this customer, the record below demonstrates that this customer did not switch away from WorldCom's service.  Accordingly, there was no harm at all to WorldCom and no damage to be cured by HSG.

actually been a notice of termination, rejection would have been unnecessary. Thus, these two positions advanced by WorldCom below are flatly inconsistent. In evaluating HSG's judicial estoppel argument, the Bankruptcy Court focused only on positions taken by WorldCom in the context of the administrative claim motion, finding that the positions were not inconsistent. The Bankruptcy Court did not take into consideration WorldCom's motion to reject the residual commission obligation to HSG, an act which cannot be reconciled with WorldCom's current assertion that the residual commission obligation had previously been terminated.

WorldCom's inconsistent positions present an issue of disputed material fact that should have been sufficient to defeat its own motion for summary judgment. Additionally, based upon WorldCom's motion to reject the residual commission obligation, WorldCom should have been judicially estopped from arguing that the November Letter constituted notice of termination of the residual commission obligation.

**III.    The Bankruptcy Court Erred By Denying HSG's Request To Allow Discovery To Proceed Pursuant To Fed. R. Civ. P. 56(f).**

As set forth in HSG's opening brief at pages 17 to 20, the Bankruptcy Court erred when it refused to permit HSG to take discovery on material issues of fact pursuant to Fed. R. Civ. P. 56(f). *See, e.g., Hellstrom v. U.S. Dep't of Veteran Affairs,* 201 F.3d 94, 97 (2d Cir. 2001) (vacating summary judgment as plaintiffs was denied the opportunity to conduct discovery of any sort, and was even precluded from taking depositions); *see also Miller v. Wolpoff & Abramson, L.L.P.,* 321 F.3d 292 (2d Cir. 2003) (concluding that the grant of summary judgment without allowing plaintiff an opportunity to conduct discovery was premature).

In support of the Bankruptcy Court's decision in this case, WorldCom argues that HSG's 56(f) Declaration did not meet the burden of identifying specific facts that HSG still needed to discover in order to oppose WorldCom's summary judgment motion. However, review of the

56(f) Declaration and the attached exhibits, all of which are attached as <u>Exhibit L</u> to the Fisher Declaration, demonstrates that the 56(f) Declaration was quite particular about the discovery to which HSG was entitled and the reasons why that discovery was vitally relevant to the issues raised by WorldCom's summary judgment motion.  The 56(f) Declaration was carefully drafted to satisfy each of the prongs of the four-part test required under Second Circuit precedent.  *See Paddington Partners v. Bouchard et al.*, 34 F.3d 1132, 1138 (2d Cir. 1994) (applying four part test regarding adequacy of showing under Fed. R. Civ. P. 56(f)); *American Home Assurance Co. v. Zim Jamaica et al.*, 2006 U.S. Dist. LEXIS 8375 (S.D.N.Y. March 2, 2006) (same).

As explained clearly in the 56(f) Declaration, HSG was deprived of the opportunity to take discovery essential to its opposition to WorldCom's summary judgment motion.  For example, as of the date of the summary judgment motion, the Debtors had not produced the files of Kirk Reynolds (the author of the November Letter that was so central to WorldCom's motion), Brent Lacho, Ray Ahern or George Hampton – all former WorldCom employees who were directly involved in the question of whether or not to terminate the residual commission obligation to HSG.  *See also* Letter from Michael Tucci, Esq. to Eric B. Fisher, Esq., dated February 27, 2006, a copy of which is attached as Exhibit K to the 56(f) Declaration.

Further, on October 26, 2005, HSG filed a notice to take the depositions of Ray Ahern, George Hampton, Brent Lacho, and others identified by WorldCom as persons with knowledge under Fed. R. Civ. Proc. 26(a)(1)(A).  *See Reorganized Debtors' Rule 26(a)(1) Disclosures For Claim Nos. 36482 and 38458 (Filed by HSG/ATN, Inc.) Pursuant to Scheduling Order,* dated May 16, 2005.  *See* 56(f) Declaration, Exh. C.  Furthermore, on November 8, 2005, HSG served a notice to take the deposition of Kirk Reynolds.  (Copies of the Deposition Notices are attached as Exhibits B and D to the 56(f) Declaration.)  The Bankruptcy Court did not afford HSG an opportunity to proceed with these depositions, all of which would have concerned the November

Letter, WorldCom's intent in sending that letter, and WorldCom's decision to move to reject the residual commission obligation in January 2003. In doing so, the Bankruptcy Court denied HSG the opportunity to seek testimony from the only WorldCom employees with personal knowledge about the key issues in dispute – namely, the November Letter and the decision to reject the residual commission obligation in January 2003.

In light of the genuine issues of material fact concerning whether WorldCom properly terminated HSG's residual commissions, the Bankruptcy Court, at the very least, should have permitted HSG to conclude discovery. Instead, the Bankruptcy Court reached its erroneous conclusion based on an extremely incomplete record. Accordingly, that decision should be reversed, and this case should be remanded to allow the parties to conclude discovery.

## <u>CONCLUSION</u>

For the reasons set forth herein and in Appellant HSG's opening brief on appeal, Appellant HSG respectfully requests that this Court: (i) vacate the Order and remand this matter to the Bankruptcy Court for the completion of discovery; and (ii) grant such other and further relief as is just and proper.

Dated: New York, New York
      June 18, 2007

                                  MORGENSTERN JACOBS & BLUE, LLC

                                  By: /s/ Eric B. Fisher
                                        Eric B. Fisher (EF-1209)
                                  885 Third Avenue
                                  New York, New York 10022
                                  Telephone: 212.750.6776
                                  Facsimile: 646.349.2816
                                  Email: efisher@mjbllc.com

                                  *Attorneys for Appellant HSG/ATN, Inc.*