```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10-19-07
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re                                            :
                                                 :  07 Civ. 3271 (RMB)
WORLDCOM, INC., et al.,                          :
                                                 :
        Reorganized Debtors.                     :  Chapter 11
------------------------------------------------------------X
HSG/ATN, INC.,                                   :  Case No. 02-13533 (AJG)
                                                 :  Adv. Proc. No. 05-3143 (AJG)
        Appellant,                               :
                                                 :
        v.                                       :
                                                 :  **DECISION & ORDER**
MCI WORLDCOM COMMUNICATIONS, INC.                :
and WORLDCOM, INC.,                              :
                                                 :
        Appellees.                               :
------------------------------------------------------------X

I.  Background

On or about March 28, 2007, HSG/ATN, Inc. ("HSG" or "Appellant") appealed, pursuant to 28 U.S.C. § 158(a) and Rules 8001 and 8002 of the Federal Rules of Bankruptcy Procedure, from a March 22, 2007 order ("Order") issued by the Honorable Arthur J. Gonzalez, United States Bankruptcy Judge, Southern District of New York ("Bankruptcy Court"). The Order granted summary judgment to WorldCom, Inc. and MCI WorldCom Communications, Inc. (collectively, "WorldCom" or "Debtors" or "Appellees") in connection with HSG's breach of an agreement, dated August 4, 1998, with WorldCom ("Representation Agreement") pursuant to which HSG received commissions for certain orders it procured for WorldCom ("Residual Commissions"). See In re WorldCom, 361 B.R. 697 (Bankr.S.D.N.Y.2007). The Bankruptcy Court found, among other things, that "WorldCom's obligation to pay Residual Commissions terminated five business days after HSG received written notice from WorldCom" in a November 14, 2002 letter ("November 2002 Letter"). See id. at 704–05, 711, 713.

HSG's briefing papers in support of its appeal argue, among other things, that: (1) certain evidence "concerning whether WorldCom terminated the Residual Commission obligation in November 2002" "was completely overlooked by the Bankruptcy Court"; (2) "[t]he Bankruptcy Court erred when it determined as a matter of law that the November 2002 Letter served to terminate WorldCom's Residual Commission obligation"; (3) "WorldCom is judicially estopped from arguing that the November 2002 Letter terminated its Residual Commission obligation"; and (4) "the Bankruptcy Court erred when it refused to permit HSG to take discovery on material issues of fact." (See Appellant HSG/ATN, Inc.'s Brief in Support of Appeal, dated May 14, 2007 ("HSG Brief"), at 12–13, 16–17.)

On or about June 1, 2007, WorldCom filed an opposition brief, arguing, among other things, that: (1) "the Bankruptcy Court properly considered all material facts"; (2) "[t]he Bankruptcy Court properly . . . determined . . . that WorldCom's Residual Commission obligations terminated in November 2002 as a matter of law"; (3) "WorldCom was not judicially estopped from arguing that the November 2002 Letter terminated its Residual Commission obligation"; and (4) HSG "did not specifically identify the facts it wished to discover or explain how those facts were reasonably expected to create a genuine issue of material fact." (See Brief of Appellees MCI Communications Corporation and Verizon Business Global, LLC, dated June 1, 2007 ("WorldCom Brief"), at 8, 12–13, 15.) On or about, June 18, 2007, HSG filed a reply brief ("Reply").

The parties have not requested oral argument.

**For the reasons set forth below, the Bankruptcy Court's Judgment is affirmed.**

2

**II.     Standard of Review**

"On appeal, a district court reviews a bankruptcy court's finding of facts under a clearly erroneous standard . . . and its conclusions of law de novo." In re Enron Corp., 364 B.R. 482, 485 (Bankr.S.D.N.Y.2007) (citing In re AroChem Corp., 176 F.3d 610, 620 (2d Cir. 1999)). "In applying the 'clearly erroneous' standard of review, a district court may reverse the bankruptcy court only where it is 'left with the definite and firm conviction that a mistake has been committed.'" BP Energy Co. v. Bethlehem Steel Corp., No. 02 Civ. 6419, 2002 WL 31548723, at *2 (S.D.N.Y. Nov. 15, 2002) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)).

**III.    Analysis**

**(1)     Evidence Regarding November 2002 Letter**

The Bankruptcy Court properly found that the "the language of the Representation Agreement is unambiguous" and that the November 2002 Letter served "as adequate notice to HSG" of the termination of the Representation Agreement. See In re WorldCom, 361 B.R. at 705, 708, 713. Thus, there was no reason to "go beyond the text to determine the parties' true intent." See One South, Inc. v. Hollowell, 963 So.2d 1156, 1162 (Miss. 2007).

**(2)     Valid Notice of Termination**

The Bankruptcy Court properly found that "only notice of HSG's breach, not notice of termination, was required," In re WorldCom, 361 B.R. at 713, and such notice was supplied by the November 2002 Letter. See Gorman v. Consolidated Edison Corp. 488 F.3d 586, 596 n.9 (2d Cir. 2007); see also Hollowell 963 So.2d 1156.

### (3) Judicial Estoppel

The Bankruptcy Court properly concluded there was no estoppel because the "Debtors' position in the prior action was that HSG was not entitled to administrative priority," and "the Debtors' position in the current [Bankruptcy] proceeding [was] that . . . the Residual Commissions Obligation was terminated via the November 2002 Letter." In re WorldCom, 361 B.R. at 714. HSG has not shown that WorldCom's position is "clearly inconsistent" with its earlier position. See New Hampshire v. Maine 532 U.S. 742, 750 (2001) (internal quotation and citation omitted).

### (4) Additional Discovery

The Bankruptcy Court properly found that HSG "did not specifically request what facts it wished to discover and how such facts were reasonably expected to create a genuine issue of material fact." In re WorldCom, 361 B.R. at 715-16. Because, among other reasons, HSG "submitted a skeletal affidavit" in support of its request for discovery, see Aetna Cas. & Sur. Co. v. Aniero Concrete Co., Inc., 404 F.3d 566, 606 (2d Cir. 2005), the Bankruptcy Court did not abuse its discretion in denying the request. See Williams v. R.H. Donnelley Corp., 368 F.3d 123, 126 n.1 (2d Cir. 2004).

## IV. Conclusion and Order

For the foregoing reasons, the Bankruptcy Court's Judgment is affirmed and the appeal in 07 Civ. 3271 [#1] is dismissed.

Dated: New York, New York
October 19, 2007

RMB

_____
**RICHARD M. BERMAN, U.S.D.J.**

4